JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DEVYN RHODES | SCHULSON COLLECTIVE LLC and GIUSEPPE & SONS RESTAURANT GROUP, LLC |

**(b)** County of Residence of First Listed Plaintiff   Camden, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Noah S. Cohen, Esquire - Goldshaw Greenblatt Pierce LLC
Two Penn Center, Suite 1230, 1500 John F. Kennedy Boulevard
Philadelphia, PA 19102                    Ph. 215-978-9090

Attorneys *(If Known)*
Lee C. Durivage - Marshall Dennehy
2000 Market Street, Suite 2300
Philadelphia, PA 19103

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [X] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [✓] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII – Sex / Gender Identity Discrimination, Hostile Work Environment, Retaliation

Brief description of cause:
Unlawful employment discrimination, hostile work environment, and retaliation.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   05/08/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:___Giuseppe & Sons - 1523 Sansom St, Philadelphia, PA 19102___

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                                    Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?                    Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?       Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same      Yes ☐
    individual?

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?                         Yes ☐
    If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☑ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.  *Federal Question Cases:***

- ☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2.  FELA
- ☐ 3.  Jones Act-Personal Injury
- ☐ 4.  Antitrust
- ☐ 5.  Wage and Hour Class Action/Collective Action
- ☐ 6.  Patent
- ☐ 7.  Copyright/Trademark
- ☑ 8.  Employment
- ☐ 9.  Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief  ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.  *Diversity Jurisdiction Cases:***

- ☐ 1.  Insurance Contract and Other Contracts
- ☐ 2.  Airplane Personal Injury
- ☐ 3.  Assault, Defamation
- ☐ 4.  Marine Personal Injury
- ☐ 5.  Motor Vehicle Personal Injury
- ☐ 6.  Other Personal Injury *(Please specify)*:_____
- ☐ 7.  Products Liability
- ☐ 8.  All Other Diversity Cases:  *(Please specify)*_____
        Employment

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☑ **does not** have implications beyond the parties before the court and ☐ **does** / ☑ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☑   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| DEVYN RHODES, | : | Case No. 2:26-cv-03126 |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| SCHULSON COLLECTIVE LLC and | : |  |
| GIUSEPPE & SONS RESTAURANT | : |  |
| GROUP, LLC, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

## COMPLAINT

Plaintiff Devyn Rhodes, by and through undersigned counsel, alleges as follows:

### I.    INTRODUCTION

1. This action arises from unlawful employment discrimination, hostile work environment, and retaliation.

2. Plaintiff Devyn Rhodes is a transgender woman and therefore a member of protected classes under federal, state, and local employment discrimination laws.

3. Plaintiff worked as a bartender for Defendants at the restaurant Giuseppe & Sons in Philadelphia.

4. After Plaintiff socially transitioned at work, Defendants' managers began repeatedly misgendering her, making derogatory comments about her gender identity, subjecting her to harassment, and treating her differently from other employees.

5. Plaintiff complained to management and human resources about the discriminatory treatment.

6. Rather than remedy the discrimination, Defendants suspended Plaintiff without pay and later terminated her employment in violation of her rights as described below.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

8. This Court has supplemental jurisdiction over Plaintiff's state and local law claims pursuant to 28 U.S.C. §1367.

9. Venue is proper in this District because the unlawful employment practices occurred in Philadelphia, Pennsylvania.

## III. PARTIES

11. Plaintiff Devyn Rhodes resides in Haddonfield, New Jersey.

12. Plaintiff is a transgender woman.

13. Defendant Schulson Collective LLC owns and operates hospitality establishments in Philadelphia, including Giuseppe & Sons.

14. Defendant Giuseppe & Sons Restaurant Group, LLC operates the restaurant known as Giuseppe & Sons.

15. At all relevant times Defendants acted as Plaintiff's employer.

16. Defendants operated as a joint employer and integrated enterprise, sharing management, supervision, human resources functions, policies, and control over Plaintiff's employment.

## IV. ADMINISTRATIVE EXHAUSTION

17. On November 6, 2024, Plaintiff filed a charge of discrimination with the Philadelphia Commission on Human Relations.

18. The charge was dual-filed with the Equal Employment Opportunity Commission.

2

19. The charge was assigned: PCHR Docket No. 2024-11-06-19110; EEOC Charge No. 17G-2025-00010.

20. On January 22, 2026, the PCHR issued a dismissal and notice of rights.

21. On February 9, 2026 the EEOC issued a Notice of Right to Sue.

## V. FACTUAL ALLEGATIONS

23. Plaintiff began working for Defendants on or about May 24, 2023.

24. Plaintiff worked as a bartender at Giuseppe & Sons.

25. Plaintiff consistently performed her job duties competently and received positive feedback from coworkers.

26. Plaintiff was well-received by staff members when she began working at the restaurant.

27. Plaintiff is a transgender woman.

28. Defendants and their management staff were aware of Plaintiff's gender identity.

29. Plaintiff was the only transgender woman working at the restaurant.

30. Plaintiff began medically transitioning in September 2023.

31. Plaintiff began socially transitioning at work in February 2024.

32. After Plaintiff socially transitioned, her treatment by management changed significantly.

33. On the first day Plaintiff socially transitioned at work, the bartending staff had a disagreement with management regarding work responsibilities.

34. Although several bartenders voiced the same opinion, Plaintiff was singled out.

35. Manager Albert Shin shouted at Plaintiff and misgendered her.

36. Mr. Shin then pushed Plaintiff against the bar.

3

37. Plaintiff reported the incident to General Manager Chris LiTrenta.

38. Rather than addressing the incident, Mr. LiTrenta discouraged Plaintiff from filing a report.

39. After this incident, management repeatedly misgendered Plaintiff.

40. Managers referred to Plaintiff as "dude," "bro," and "hey man."

41. Management also made derogatory comments about Plaintiff's body and appearance.

42. In or about late April 2024, Plaintiff began feeling pressure from management and the hostile work environment to detransition in order to avoid further harassment.

43. As a result of that pressure, Plaintiff temporarily stopped presenting as a woman at work for several days.

44. Plaintiff soon resumed presenting as a woman and subsequently sent an email to management requesting that her pronouns be respected.

45. On March 11, 2024, Plaintiff emailed management requesting that they respect her pronouns.

46. Despite this request, the misgendering continued.

47. In April 2024, manager Steve Dunlop covered a shift at Giuseppe & Sons.

48. During that shift, Mr. Dunlop repeatedly singled Plaintiff out and micromanaged her work.

49. Mr. Dunlop also made sexually inappropriate comments to Plaintiff in front of coworkers.

50. Coworker Jason Michel reported the harassment.

51. Mr. Dunlop was later terminated.

52.     On May 6, 2024, Plaintiff was suspended without pay.

53.     Management claimed Plaintiff had made disparaging comments about the restaurant.

54.     Plaintiff reported to Human Resources that the suspension was discriminatory and retaliatory.

55.     Plaintiff documented her complaints in an email to HR.

56.     When Plaintiff went to Human Resources to report discrimination, coworker Jason Michel, who was present during the shift in question, also spoke with Human Resources and explained that management's description of Plaintiff's alleged "disparaging comments" was inaccurate.

57.     On May 7, 2024, Plaintiff met with HR Manager Stephanie Schwab.

58.     HR declined to reverse the suspension.

59.     When Plaintiff returned to work on May 13, 2024, management closely monitored her conduct.

60.     Management accused Plaintiff of giving a regular customer a free drink.

61.     Providing complimentary drinks to regular customers was a common and accepted practice among bartenders.

62.     Members of the bar staff, including Jason Michel, Claudia, Carl, Daniel Nazario, and Monty, provided complimentary drinks to regular patrons without discipline.

63.     Plaintiff was singled out and terminated for conduct routinely engaged in by other bartenders.

64.     Plaintiff was informed of her termination on May 16, 2024.

65.     After Plaintiff's termination, Defendants required bartenders to sign a form prohibiting free drinks.

66.     Defendants' stated reason for terminating Plaintiff was pretextual.

67.     Plaintiff had complained about discrimination shortly before the suspension and termination.

68.     The close temporal proximity between Plaintiff's complaints and Defendants' adverse actions supports a strong inference of retaliation.

69.     Defendants' conduct—including repeated misgendering, pressure on Plaintiff to conform to gender stereotypes, differential discipline, and termination shortly after Plaintiff complained of discrimination—demonstrates discrimination and retaliation because of Plaintiff's gender identity.

70.     As a result of Defendants' conduct, Plaintiff suffered emotional distress, humiliation, and economic loss.

## COUNT I
### Title VII – Sex / Gender Identity Discrimination

71.     Plaintiff incorporates the preceding paragraphs.

72.     Discrimination against transgender individuals constitutes discrimination "because of sex" under Bostock v. Clayton County.

73.     Defendants discriminated against Plaintiff because of her gender identity.

74.     Plaintiff suffered adverse employment actions including suspension and termination.

## COUNT II
### Title VII – Hostile Work Environment

75.     Plaintiff incorporates the preceding paragraphs.

76. Defendants subjected Plaintiff to unwelcome harassment based on gender identity.

77. The harassment included repeated misgendering, derogatory comments, intimidation, and unequal treatment.

78. The harassment was severe and pervasive.

## COUNT III

### Title VII – Retaliation

79. Plaintiff incorporates the preceding paragraphs.

80. Plaintiff engaged in protected activity by complaining about discrimination.

81. Defendants retaliated by suspending and terminating Plaintiff shortly thereafter.

## COUNT IV

### Pennsylvania Human Relations Act

82. Plaintiff incorporates the preceding paragraphs.

83. Defendants discriminated and retaliated against Plaintiff in violation of the PHRA.

## COUNT V

### Philadelphia Fair Practices Ordinance

84. Plaintiff incorporates the preceding paragraphs.

85. Defendants discriminated, harassed, and retaliated against Plaintiff in violation of the PFPO.

### RELIEF SOUGHT

WHEREFORE Plaintiff requests:

A. Compensatory damages

B. Back pay and front pay

C. Punitive damages

D. Attorneys' fees and costs

7

E.   Interest

F.   Such other relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

DATE: May 8, 2026                                  By: _____

Noah S. Cohen, Esquire
Pa. Atty. I.D. No. 313849
GOLDSHAW GREENBLATT PIERCE LLC
Two Penn Center, Suite 1230
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
215-9789-9090
ncohen@ggplawfirm.com
*Attorneys for Plaintiff*

8